**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DUANE LETROY BERRY,

              Petitioner,              Case Number: 2:18-cv-10876

v.                                      UNITED STATES DISTRICT COURT JUDGE
                                                    GERSHWIN A. DRAIN

SCOTT STEPHENSON and JEFF
SESSIONS,

              Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. INTRODUCTION**

Duane Letroy Berry, currently confined at the Midland County Jail in Midland, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges his ongoing federal criminal prosecution, *United States v. Berry*, No. 15-cr-20743, in which he is charged with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). Petitioner is represented by counsel in that proceeding, which is pending in this Court before the Honorable David M. Lawson. In the petition, he argues that the federal court

1

lacks jurisdiction to enforce 18 U.S.C. § 1038(a). For the reasons set forth, the Court dismisses the petition.

## II. STANDARD

Rule 4, Rules Governing Section 2254 Cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Because the claims raised in the petition are not properly raised in a § 2241 petition at this time, the Court will dismiss the proceeding without prejudice.

## III. DISCUSSION

Petitioner was indicted on November 19, 2015, with a charge of perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). Petitioner argues that "no federal jurisdiction exists in the United States to enforce the criminal laws embraced in the United States Codes Title 18 unless and until a 'Notice of

2

Acceptance' is filed ... with the Governor of that State . . . ." Dkt. No. 1, pg. 2 (Pg. ID 2). He claims the required Notice of Acceptance has not been filed and the Court, therefore, lacks jurisdiction over the criminal prosecution.

A criminal defendant generally may not challenge a pending federal prosecution through a writ of habeas corpus. *See Jones v. Perkins*, 245 U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). "'[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court.'" *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, at *1 (E.D. Mich. Nov. 10, 2005) (quoting *Kotmair v. U.S.*, 143 F. Supp. 2d 532, 534 (E.D. N.C. 2001)). When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)).

Petitioner's claim that the federal court lacks jurisdiction to enforce 18 U.S.C. § 1038(a), would be dispositive of his pending federal criminal charge and

must be exhausted at trial and on appeal before habeas corpus relief is available. *See Sandles*, 22 F. App'x at 557. Because the claim raised in the petition will not be decided on the merits, the Court's dismissal of this action should not prejudice Petitioner's ability to raise his claim in an appropriate setting, *e.g.*, in his criminal case. The dismissal, accordingly, will be without prejudice.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is dismissed without prejudice.

SO ORDERED.


Dated:  April 30, 2018                                /s/Gershwin A. Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge